IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROBERT THOMAS, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. B-05-174 | |
| § | | |
| TRICO PRODUCTS CORPORATION, § | | |
| TOMKINS PLC, JIM GAITHER AND § | | |
| JOHN WINN § | | |
|     Defendants. § | | |
| § | | |

## ORDER & OPINION

BE IT REMEMBERED that on December 2, 2005, the Court considered Plaintiff's Explanations, Request for Clarification on Settlement Agreement and Also Second Request to Recall or Amend the Order Entered the 4th of October 2005 [Dkt. No. 32], Plaintiff's Motion for Leave of Court to Add Additional Parties, Leave of Court to Amend Complaint, and Request for an Injunction Requiring Defendant to Hire Back Plaintiff Immediately [Dkt. No. 43], Defendants' Motion to Strike Plaintiff's First Amended Complaint and For Sanctions [Dkt. No. 45], Defendants' Motion for Protective Order and For Sanctions [Dkt. No. 46].

### I. Background

This is an employment discrimination suit filed by Plaintiff Robert Thomas against his former employer, Trico Products Corporation ("Trico") alleging race, ethnicity, and national origin discrimination based on section 1981 and Title VII. 42 U.S.C. § 1981; 28 U.S.C. § 2000e et seq.

On September 8, 2005, Plaintiff filed a motion for a protective order to prevent discovery of a settlement agreement with a former employer and to prevent discovery of records from Plaintiff's other former employers [Dkt. No. 9]. The September 8 motion was denied as premature [Dkt. No. 10]. Plaintiff filed a motion for protective order on

1

September 12 which the Court granted in part and denied in part [Dkt. No. 12]. The Court granted the portion of the motion concerning a settlement agreement with a previous employer, Orchid Manufacturing of McAllen LLC, and denied the portion of the motion requesting a protective order covering records of previous employment [Dkt. No. 15]. However, when Plaintiff submitted a copy of the settlement agreement for in camera inspection, the agreement did not include a confidentiality statement and was unsigned. As a result, the Court amended its previous order to deny the amended motion for protective order [Dkt. No. 25]. Additionally, the Court ordered the Plaintiff to provide an authenticated, signed copy of the settlement agreement for in camera inspection by October 12, 2005. [Dkt. No. 27]. Plaintiff did not provide an authenticated, signed copy of the settlement agreement by the deadline set by the Court. Since the October 12th deadline, Plaintiff has filed multiple documents with the Court in various forms in an attempt to seek reconsideration of the Court's decisions.

## II. Rule 11 Requirements

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, every motion shall be signed by the attorney of record, "or, if the party is not represented by an attorney, shall be signed by the party." Fed. R. Civ. P. 11(a). When an attorney or a party signs a pleading, motion, or other paper, the individual is "certifying that to the best of the person's knowledge, information, and belief . . . it is not being presented for any improper purpose." Fed. R. Civ. P. 11(b)(1). The Court previously instructed Plaintiff that though he is proceeding pro se, he must comply with the Federal Rules of Civil Procedure to the same extent as an attorney. Additionally, the Court warned Plaintiff against filing motions with the Court for improper purpose, such as to harass or cause unnecessary delay.

Rule 11 permits the Court to direct a party to show cause why it has not violated Rule 11(b) with specific conduct. Fed. R. Civ. P. 11. *See also Hadges v. Yonkers Racing Corp.,* 48 F.3d 1320, 1329 (2nd Cir. 1995); *Johnson v. Waddell & Reed, Inc.*, 74 F.3d 147, 151 (7th Cir. 1996). The Court must describe the specific conduct that is claimed to violate Rule 11. *Thornton v. General Motors Corp.*, 136 F.3d 450 (5th Cir.

1998).  Plaintiff has filed multiple motions and other papers with this Court since the denial of the protective order and the denial of the motion for reconsideration on October 4, 2005.  These motions and papers seek to have the Court revisit previous decisions without citing relevant authority.  It appears that the Plaintiff has filed these documents listed below with the improper purpose of increasing the cost of the litigation.  The Court **ORDERS** Plaintiff to show cause why his filing of Plaintiff's Explanations, Request for Clarification on Settlement Agreement and Also Second Request to Recall or Amend the Order Entered on the 4th of October 2005 [Dkt. No. 32] was not for improper purpose.  Additionally, the Court **ORDERS** Plaintiff to show cause why his filing of additional copies of the settlement agreement on October 26 and October 28, beyond the October 12th deadline for such filings, does not constitute a violation of Rule 11(b).

In the motion filed on October 12, 2005, Plaintiff moves the Court to revisit issues already decided and reconsidered by this Court.  Plaintiff provides no additional or relevant authority to support these requests.  The Court **DENIES** Plaintiff's Explanations, Requests for Clarification on Settlement Agreement and Also Second Request for Recall or Amend the Order Entered on the 4th of October 2005 [Dkt. No. 32].  The Court **ORDERS** Plaintiff to file a showing of cause by December 23, 2005.

### III. Amendment of Complaint under Rule 15

A party may amend a pleading once as a matter of course at any time before a responsive pleading is served.  Fed. R. Civ. P. 15(a).  After a responsive pleading is served, a party may amend only by leave of the court or written consent of the adverse party.  *Id.*   Rule 15(a) requires a trial court to grant leave to amend freely.  *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)(*citing Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002).  A district court must possess substantial reason to deny a request for leave to amend.  *Id.*  However, such decisions are within the discretion of the court and are not automatic.  *Id.*  The district court may consider a variety of factors in deciding whether to permit a party to amend a complaint

including "undue delay, bad faith or dilatory motive . . ., repeated failures to cure deficiencies," undue prejudice, and futility. *Id.*

Initially, Plaintiff filed a complaint against Trico Products Corporation, Tomkins PLC, Jim Gaither, and John Win on May 31, 2005 [Dkt. No. 1]. Defendants filed an Answer to Complaint on July 27, 2005 [Dkt. No. 4]. Therefore, Plaintiff is no longer able to amend his complaint as a matter of course because a responsive pleading has been served. Plaintiff filed a Motion for Leave of Court to Amend Complaint on November 21, 2005 [Dkt. No. 42]. At this time, Plaintiff requires either leave of court or written consent of adverse parties to amend the original complaint. Defendants have not provided consent for the amendment.

The Court dismissed the Title VII claims against Defendants Gaither and Win [Dkt. No. 26] in response to Defendants' Motion to Dismiss [Dkt. No. 5]. Plaintiff now attempts to respond to this action by seeking leave to amend the complaint to rephrase the claims against these individual defendants. Both the timing of this motion and its content indicate a bad faith motive on the part of the plaintiff in filing this motion. Plaintiff's attempt to alter the contents of the complaint six months after its initial filing might be justified if discovery had lead to pertinent information that required amendment. However, Plaintiff does not provide additional facts learned during discovery; instead, Plaintiff seeks to respond to the Court's partial dismissal of claims by amending the complaint in an effort to reinstate the dismissed claims. Through this tactic, Plaintiff seeks to delay the progression of this case through the discovery process. Therefore, due to bad faith motive and undue delay, the Court denies leave to amend with regards to claims against Gaither and Win.

Despite Plaintiff's contention that Plaintiff's First Amended Complaint was filed as an exhibit with the Motion for Leave to Amend [Dkt. No. 48], the District Clerk entered the filing as an amended complaint. This action supports Defendants' contention that Plaintiff filed an amended complaint. Additionally, Plaintiff's filing of exhibits with the amended complaint lead the Court to conclude that Plaintiff's First Amended Complaint was intended as a separate document.

The Court **DENIES** Plaintiff's Motion for Leave of Court to Amend Complaint [Dkt. No. 43] and **STRIKES** Plaintiff's First Amended Complaint [Dkt. No. 44].

## IV. Joinder of Parties

The scheduling order in this case specified that additional parties be joined by November 21, 2005.  Plaintiff filed a motion to add additional parties on November 21, 2005 requesting that Gates Corporation be added as a defendant in this case.  Plaintiff has timely requested the joinder of a party.

Plaintiff's request meets the standard for permissive joinder established in Rule 20 of the Federal Rules of Civil Procedure.  Under Rule 20, persons may be joined as defendants if there is asserted against them a right of relief arising out of the same transaction or occurrence.  Plaintiff alleges that Gates Corporation is liable as a parent company for the acts of discrimination alleged against Trico.  Therefore, the Court **GRANTS** Plaintiff's Motion for Leave of Court to Add Additional Parties [Dkt. No. 43].  Additionally, pursuant to Rule 15, the Court **GRANTS** leave for Plaintiff to amend his complaint to include Gates Corporation as an additional Defendant.  Fed R. Civ. P. 15(a).

## V. Discovery Sanctions

Defendants request discovery sanctions under Rule 26(g)(2) against Plaintiff in the amount of $615.00 because Plaintiff filed an amended complaint without leave of court.   Rule 26 concerns discovery requests, responses, and objections.  Fed. R. Civ. P. 26(g)(2).  Rule 11 is the proper rule to seek to penalize parties for filing pleadings, motions, or other papers for improper purpose.  Fed. R. Civ. P. 11(b)(1).  However, a motion for sanctions under Rule 11 "shall be made separately from other motions," and therefore, the Court may not consider Defendants' motion as moving for sanctions under Rule 11.  Fed. R. Civ. P. 11(c)(1)(A).  Therefore, Defendants' Motion to Strike Plaintiff's First Amended Complaint and For Sanctions is **DENIED** [Dkt. No. 45]

### VI. Interrogatories Under Rule 33 & Local Rule 33.1

Under Rule 33 of the Federal Rules of Civil Procedure, any party may serve upon any other party written interrogatories, not exceeding twenty-five (25) in number including all discrete subparts. Fed. R. Civ. P. 33(a). In the Southern District of Texas, no more than 25 interrogatories may be served without leave of court. LR 33.1. Defendants contend that the Local Rule 33.1 limits a party to 25 interrogatories in all regardless of the number of parties named as defendants. This interpretation of the rule ignores the language of the federal rule that specifies that 25 interrogatories may be served on "any party." Under Local Rule 33.1, the limitation on the number of interrogatories applies to "any party" as specified in the Federal Rules.

Defendants, relying on their incorrect interpretation of the local rule, moved for a protective order and for sanctions against Plaintiff [Dkt. No. 46]. Plaintiff served seventeen (17) interrogatories on Trico on October 18, 2005. Plaintiff served eleven (11) interrogatories on Win on October 31, 2005. Plaintiff served nineteen (19) interrogatories on Gaither on November 11, 2005. At no point, under these facts, did Plaintiff exceed the twenty-five (25) interrogatory limit for "any party" established in Federal Rule of Civil Procedure 33 and reiterated in Local Rule 33.1. Therefore, under Rule 26(c), no good cause has been shown for a protective order. Fed. R. Civ. P. 26(c). Additionally, Plaintiff has not violated a rule as alleged by Defendants, and therefore, no sanctions under Rules 26(g)(2)(A) and 37(a)(4) are appropriate. Thus, the Court **DENIES** Defendants' Motion for Protective Order and For Sanctions [Dkt. No. 46]. The Court admonishes Defendants to comply with Rule 11 and ensure that written motions are not filed with improper purpose before signing and filing such motions with this Court.

### VII. Injunction

The Court will address Plaintiff's motion for a preliminary injunction reinstating him in his former employment with Trico Corporation separately [Dkt. No. 43].

## VIII. Conclusion

The Court **ORDERS** Plaintiff to show cause why his filing of Plaintiff's Explanations, Request for Clarification on Settlement Agreement and Also Second Request to Recall or Amend the Order Entered on the 4th of October 2005 [Dkt. No. 32] was not for improper purpose.  Additionally, the Court **ORDERS** Plaintiff to show cause why his filing of additional copies of the settlement agreement on October 26 and October 28, beyond the October 12 deadline for such filings, does not constitute a violation of Rule 11(b).  The Court **ORDERS** Plaintiff to file a showing of cause by December 23, 2005.

The Court **DENIES** Plaintiff's Explanations, Requests for Clarification on Settlement Agreement and Also Second Request for Recall or Amend the Order Entered on the 4th of October 2005 [Dkt. No. 32].  The Court **DENIES** Plaintiff's Motion for Leave of Court to Amend Complaint [Dkt. No. 43] and **STRIKES** Plaintiff's First Amended Complaint [Dkt. No. 44].  Therefore, the Court **GRANTS** Plaintiff's Motion for Leave of Court to Add Additional Parties [Dkt. No. 43].  The Court **GRANTS** Plaintiff leave to amend his complaint to include the additional party.  The Court **DENIES** Defendants' Motion to Strike Plaintiff's First Amended Complaint and For Sanctions [Dkt. No. 45].  The Court **DENIES** Defendants' Motion for Protective Order and For Sanctions [Dkt. No. 46].

DONE at Brownsville, Texas, this 2nd day of December, 2005.

_____
Hilda G. Tagle
United States District Judge