**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
ENTERED

MAR 2 8 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk D.Ahumada

| | |
|---|---|
| ROBERT THOMAS, | § |
|         **Plaintiff,** | § |
| | § |
| v. | § |
| | § |
| TRICO PRODUCTS CORPORATION, | § |
| GATES CORPORATION, | § |
| JIM GAITHER, AND | § |
| JOHN WINN | § |
|         **Defendants.** | § |
| | § |

CIVIL ACTION NO. B-05-174

## ORDER & OPINION

BE IT REMEMBERED that on March 28, 2006, the Court **GRANTED** Defendant Gates Corporation's Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. No. 73].

### I. Introduction and Factual Background

This is an employment discrimination suit filed by Plaintiff Robert Thomas against his former employer, Trico Products Corporation ("Trico") alleging race, ethnicity, and national origin discrimination based on section 1981 and Title VII. 42 U.S.C. § 1981; 28 U.S.C. § 2000e et seq. Plaintiff brings this action against Gates Corporation ("Gates"), the corporation he identifies as a parent corporation to Trico. Defendant Gates Corporation seeks dismissal based on a lack of personal jurisdiction.

Plaintiff alleges that his former employer, Trico, discriminated against him based on race and national origin when he was not rehired following a period of incarceration. The employer contends that Plaintiff had a poor attendance record and lacked any remaining sick or personal days at the time of his incarceration. Defendants contend that Plaintiff was offered a choice at the time of his incarceration, either resign voluntarily or be terminated. The parties disagree about whether the Defendants agreed to rehire Plaintiff following his incarceration.

1

Plaintiff relies on facts from his divorce action to explain his frequent absences. Plaintiff refused to consent to a passport application for his seven-year-old daughter as part of a state court divorce and custody action, and the judge ordered Plaintiff incarcerated indefinitely unless he signed the application. Plaintiff was incarcerated on April 3, 2003 and released on July 31, 2003 despite his failure to comply with the instructions regarding the passport. The employment discrimination claims in this case arose following Plaintiff's resignation from Trico Products Corporation on April 17, 2003 and Plaintiff's application to be rehired in August 2003. After Defendants refused to rehire Plaintiff, he filed this action. Plaintiff brings claims under Title 42 United States Code section 2000e(5) ("Title VII") and under Title 42 United States Code section 1981 ("§ 1981").

<u>Facts as Alleged in Plaintiff's Complaint</u>

Plaintiff alleges that Trico, Gates, and two employees refused to rehire him following his incarceration based on his race and national origin. Plaintiff claims that other employees have been rehired and have been permitted to take extended leaves from work. Plaintiff believes that Defendants did not permit him to take a leave during his incarceration and did not rehire him based on the fact that he was born in India and is Indian. Plaintiff also describes the failure to rehire him as being based on "East Indian ancestry" and "ethnic characteristics" [Dkt. No. 1]. Plaintiff alleges that Defendants told him at the time of his resignation that he would be rehired when he reapplied. Additionally, Plaintiff contends that an opening for the same or a substantially similar job existed at the time of his application in August 2003; however, he states that other individuals were hired who were not Indian or from India. Plaintiff timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") and the Texas Human Rights Commission ("THRC").

Plaintiff contends that Gates is the parent corporation of Trico. This fact is contested by Defendants; however, the Court accepts the truth of this contention for the present purposes only.

2

## II. Standard for Dismissal for Lack of Personal Jurisdiction

When a defendant properly seeks dismissal for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff bears the burden of establishing that jurisdiction over the defendant exists. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). If an evidentiary hearing pertaining to the defendant's motion is not held, the plaintiff need only present sufficient facts to establish a prima facie case supporting personal jurisdiction. *Central Freight Lines, Inc. v. APA Transport Corp.*, 322 F.3d 376, 380 (5th Cir. 2003). The plaintiff may produce affidavits and other documentation recognized as a method of discovery. *Revell*, 317 F.3d at 469. All reasonable inferences should be drawn in favor of the plaintiff. *Felch v. Transportes Lar-Mex SA De CV*, 92 F.3d 320, 327 (5th Cir. 1996). The Court shall accept as true the plaintiff's uncontroverted and non-conclusory allegations. *Freudensprung v. Offshore Tech. Servs.*, 379 F.3d 327, 343 (5th Cir. 2004); *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001). Conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor. *Revell*, 317 F.3d at 469. *See also Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).

## III. Personal Jurisdiction

To determine whether it can exercise personal jurisdiction over a nonresident defendant, this Court must determine: (1) whether the Texas long-arm statute is satisfied, and (2) whether the exercise of personal jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *Ham v. La Cienaga Music* Co., 4 F.3d 413, 415 (5th Cir. 1993). In Texas, the long-arm statute extends to the limits of the Due Process Clause, and thus, any federal constitutional analysis melds with an analysis of the long-arm statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 17.041-17.069. Therefore, the Court proceeds directly to the constitutional analysis. *Panda Brandywine Corp.*, 253 F.3d at 867.

In accordance with due process, this Court may exercise personal jurisdiction over a defendant if: (1) minimum contacts exist between the defendant and the forum, and (2) the maintenance of the action would not offend "traditional notions of fair play

3

and substantial justice." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980).

Plaintiff contends that Gates is the parent corporation of Trico and should be liable for the actions of its wholly owned subsidiary, Trico. Neither party objects to personal jurisdiction over Trico. Defendant Gates asserts that it is a corporation based in Colorado and a wholly owned subsidiary of Tomkins PLC, the parent company of Trico. Gates contends it does not have minimum contacts with Texas. Additionally, Defendant contends that a parent-subsidiary relationship, such as the relationship identified by the Plaintiff as between Trico and Gates, is insufficient to establish personal jurisdiction over a parent company. Plaintiff must establish a prima facie case that personal jurisdiction exists over Gates.

## A. Minimum Contacts

The first prong, minimum contacts, may be established by a showing of either specific or general jurisdiction. *Panda Brandywine Corp.*, 253 F.3d at 867. Specific jurisdiction is present where the defendant has "purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp.,* 471 U.S. at 472. When a corporation "purposefully avails itself of the privilege of conducting activities within the forum state," the corporation has notice that it is subject to suit there. *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Jurisdiction, however, is not proper when a defendant's contacts are fortuitous or result from the unilateral activity of another party. *Burger King Corp.*, 471 U.S. at 475. The contacts must be such that the defendant "reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen*, 444 U.S. at 297.

This litigation arises out of the employment relationship between Trico and Plaintiff Thomas and events that occurred following the end of this relationship. Gates did not employ Plaintiff at any point during this relationship. Plaintiff and Gates did not execute an employment contract to establish such a relationship. Gates did not retain any employees in Texas. Therefore, specific jurisdiction does not exist under the

4

Plaintiff's facts because the injury did not arise out of or relate to any actions by Gates within the forum state.

On the other hand, when the cause of action did not arise out of purposeful contacts with the forum state, a court may exercise general jurisdiction when the defendant has "continuous and systematic contacts" with the forum. *Freudensprung*, 379 F.3d at 343. *See also Helicopteros Nationales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984). In order for a defendant's contacts to be "systematic and continuous" the contacts must be extensive; the test is difficult to meet. *Submersible Sys., Inc.* V. *Perforadora Central, S.A. de C.V.*,  249 F.3d 413, 419 (5th Cir. 2001)(*citing Helicopteros Nationales*, 466 U.S. at 411).

Specific and general jurisdiction are disjunctive. *Panda Brandywine Corp.*, 253 F.3d at 867. Therefore, if the Court determines that specific jurisdiction is lacking, the Court should continue with the analysis to determine whether general jurisdiction exists. The determination of general jurisdiction over a foreign parent corporation by way of the action of a subsidiary requires an analysis of the actions of the parent corporation and the relationship between the parent and the subsidiary.

## B. Minimum Contacts of Parent Corporation

As a general rule of law, a parent corporation is not liable for acts of its subsidiaries. *United States v. Bestfoods*, 524 U.S. 51, 61, 118 S. Ct. 1876 (1998). Additionally, a foreign parent corporation "is not subject to the jurisdiction of a forum state merely because its subsidiary is present or doing business there." *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983). The "mere existence of a parent-subsidiary relationship" does not suffice to extend jurisdiction to the foreign parent. *Id.* However, under certain circumstances, a close relationship between the two entities may lead to the conclusion that "the parent 'does business' in a jurisdiction through the local activities of its subsidiaries." *Id.* Principles of corporate separateness may not apply if the parent company is controlling the subsidiary so that the subsidiary "may be used as a mere agency or instrumentality of the owning company." *Bestfoods*, 524 U.S. at 63. If the parent corporation exerts dominion and control over the

5

subsidiary to the extent that they "do not in reality constitute separate and distinct corporate entities," they may be considered the same corporation for jurisdictional analysis. *Id*. The court requires "proof of control by one corporation over the internal business operations and affairs of another corporation to make the other its agent or alter ego, and hence fuse the two together for jurisdictional purposes." *Freudensprung*, 379 F.3d at 346. The plaintiff has the burden of establishing a prima facie case of jurisdiction, and thus, the plaintiff must present evidence to establish an alter ego relationship between the foreign parent corporation and the subsidiary. *Hargrave*, 710 F.2d at 1160.

Plaintiff presents no admissible evidence to support his conclusory statements about the relationship between Trico and Gates. Plaintiff contends that Gates is the parent company of Trico. Plaintiff alleges that Gates provides 401(k) accounts to Trico employees and that attorneys who represent Gates were involved in his complaint about Trico to the EEOC. In support of these contentions, Plaintiff provides his own affidavit, printouts of various Gates website pages, and several pages from requests for production in this case. However, these documents to not support any close relationship between the business of Trico and Gates. The Court need not regard as true conclusory statements made by the Plaintiff without support.

In *Freudensprung v. Offshore Technical Services*, the Fifth Circuit has held that the actions of a Texas parent corporation cannot be imputed to a foreign subsidiary for purposes of establishing minimum contacts for personal jurisdiction. 379 F.3d 327, 344 (5th Cir. 2004). While under the present facts, the roles of the "parent" and subsidiary are reversed, the facts and the evidence provided by the Plaintiff provide appropriate similarities. In *Freudensprung*, the plaintiff provided printed pages from the company's website as exhibits to attempt to demonstrate the relationship between the parent and the subsidiary. The Fifth Circuit held that these exhibits were insufficient to overcome the presumption of corporate separateness. Plaintiff Thomas relies on similar exhibits including information from the Gates website to establish that Gates and Trico are not separate entities. Plaintiff's exhibits are unpersuasive. While they might suggest that a relationship exists between the two entities, neither exhibit provides information about

6

the nature of the relationship.  Plaintiff's evidence is insufficient to support a conclusion that Gates should be held liable for the actions of Trico.

The Fifth Circuit has set forth several factors to be analyzed to determine whether a parent corporation is separate and distinct from its subsidiary for the purposes of a jurisdictional inquiry.  There factors are: (1) the amount of the subsidiary's stock owned by the parent corporation; (2) the existence of separate headquarters for each entity; (3) the sharing of common officers and directors; (4) the observance of corporate formalities; (5) the maintenance of separate accounting systems; (6) the parent corporation's exercise of complete authority over the general policy of the subsidiary; and (7) the subsidiary's exercise of complete authority over its daily operations.  *Fruedensprung*, 186 F. Supp. 2d at 723 (*citing Hargrave v. Fibreboard Co.*, 710 F.2d 1154, 1160 (5th Cir. 1983)).  The Fifth Circuit has held that even when applying the less stringent standard requiring only a prima facie case to determine alter ego jurisdiction, the proponent of jurisdiction has the burden of providing enough facts to form the basis of such jurisdiction.  *Hargrave*, 710 F.2d at 1160-61.

Plaintiff has provided no facts in his affidavit and inadequate exhibits to establish any of these factors.  As the party asserting that personal jurisdiction exists, Plaintiff has the burden to present evidence to establish that the parent and the subsidiary are not separate entities.  He has failed to meet this burden.  As a result, Plaintiff has failed to establish the existence of minimum contacts between Gates and the forum state.  Therefore, this Court **GRANTS** Defendant Gates PLC's Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. No. 51] and **DISMISSES** Gates PLC for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

### C. Fair Play and Substantial Justice

If minimum contacts exist, the Court must determine whether exercising personal jurisdiction over the defendant would offend traditional "notions of fair play and substantial justice."  *Burger King Corp.*, 471 U.S. at 476.  The Court must consider: "(1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in

7

convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the shared interest of the several states in furthering the fundamental substantive social policies." *Asahi Metal Indus. v. Superior Court*, 480 U.S. 102, 113 (1987).  However, because the Court determines that minimum contacts between Gates and the forum state do not exist, the Court does not reach the fairness analysis.

## IV. Conclusion

Therefore, this Court **GRANTS** Defendant Gates Corporation's Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. No. 73] and **DISMISSES** Gates Corporation for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure.  As a result, the Court **DISMISSES AS MOOT** Defendant Gates Corporation's Motion to Dismiss for Failure to State a Claim Subject to Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. No. 75] and Defendant Gates Corporation's Motion to Dismiss for Defective Summons and Insufficient Process Subject to Motion to Dismiss for Lack of Personal Jurisdiction [Dkt. No. 74].

DONE at Brownsville, Texas, this 28 day of March, 2006.

Hilda G. Tagle
United States District Judge

8