United States District Court
Southern District of Texas
ENTERED

MAY 3 1 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ROBERT THOMAS,              §
        Plaintiff,          §
                            §
v.                          §        CIVIL ACTION NO. B-05-174
                            §
TRICO PRODUCTS CORPORATION, §
JIM GAITHER AND             §
JOHN WINN                   §
        Defendants.         §
                            §

## ORDER

BE IT REMEMBERED that on May 2*l*, 2006, the Court considered Plaintiff's Motion to Compel [Dkt. No. 107], Plaintiff's Motion to Pay the Filing Fee for the Appeal [Dkt. No. 116], and Defendants' Response [Dkt. No. 117].

## Introduction

The Court has discussed the factual and procedural background of this case in several other recent orders [Dkt. No. 99, 100]. This is a failure-to-hire employment discrimination case based on national origin.

Frequently, discovery matters pose special problems in employment discrimination cases. *See Atkinson v. Denton Publishing Co.*, 84 F.3d 144 (5th Cir. 1996); *Beasley v. First American Real Estate Info. Serv. Inc.*, 2005 WL 1017818 (N.D. Tex. 2005). Privacy concerns for non-party employees as well as extraordinarily broad requests for production are common sources of conflict. *Raddatz v. Standard Register Co.*, 177 F.R.D. 446 (D. Minn. 1997). Some courts have ordered *in camera* inspection of personnel files as a means to protect the privacy of other employees. *Atkinson*, 84 F.3d at 148. Other courts have ordered the production of redacted versions of files. *Beasley*, 2005 WL 1017818. Additionally, courts have imposed temporal and

1

geographic limitations on the discovery to limit the risks to non-party employee privacy.
*Id.*

In the present case, several of plaintiff's discovery requests concern information from personnel files of non-party employees [Dkt. No. 107]. Other requests are overly broad especially in the context of a failure-to-hire case involving one applicant. As Plaintiff is proceeding *pro se,* the Court will address each request in Plaintiff's Motion to Compel individually.

## Requests for Production

Both the scope and procedure for requests for production are governed by Rule 34 of the Federal Rules of Civil Procedure.

Request for Production No. 10 seeks personnel files for Plaintiff; non-party employees Gary Eich, Guadalupe Cardenas, and Joe De La Cerda; employees hired since April 16, 2001; and all Brownsville Trico tool room employees. Defendants object due to the relevance, scope and potentially confidential nature of the request.

These requests are potentially relevant in that this information may establish any pattern or practice of discrimination on the part of the Defendants. However, the scope of the request is overly broad. Defendants shall provide Plaintiff his complete personnel file. The request for information about specific similarly-situated employees is reasonable, but these requests shall be subject to redaction of all confidential information in order to protect the privacy of the individuals. Defendants concede that Gary Eich and Plaintiff applied for the same position. Therefore, Gary Eich's personnel file is relevant to the failure-to-hire inquiry. Defendants shall produce Eich's personnel file with all confidential material redacted. Plaintiff has not adequately identified why the personnel files of Guadalupe Cardenas and Joe De La Cerda are relevant in this matter. Thus, Defendants do not need to produce these personnel files.

The production of personnel files for all employees hired since April 2001 and all tool room employees is overly broad. As Plaintiff seeks to compare the rejection of his application with any new hires following his August 2003 application date, the Defendant shall provide the following about new Brownsville tool room employees hired

2

after August 1, 2003 from existing documents: (1) the identity of each employee; (2) the employee's current or last known address; and (3) the race or ethnicity of the employee, if previously provided in a document such as an application. *See Raddatz*, 177 F.R.D. at 448. No other production in response to this request is required.

In response to Request for Production No. 18, Defendants cite privilege and agree to submit a privilege log to Plaintiff. In Defendants' response [Dkt. No.117], Defendants state that the privilege log has been provided to Plaintiff.

Request for Production No. 31(A) seeks information about individuals hired after Plaintiff's application date. While the scope of the request is broad, the information may establish a pattern or practice of discrimination. Therefore, the Court orders Defendants to provide any documents that include the following information about individuals hired to work in the tool room of the Brownsville shop after August 1, 2003: (1) specific training or education prior to hire; (2) number of years of applicable work experience; and (3) any prior employment with Trico. *See Beasley*, 2005 WL 1017818.

Request for Production No. 31(B) seeks information about the attendance records of individuals hired after Plaintiff's application date in August 2003. This information is not relevant. Plaintiff resigned from his former position in April 2003; he was not terminated for his absence from work during his incarceration.

Request for Production No. 32 seeks information about the clock used to time-stamp the employees' timecards at Trico. This request is not relevant to this case because this is a failure-to-hire matter. Therefore, Plaintiff's request for production is not relevant, and Defendants' objections are valid.

Request for Production No. 34 seeks telephone records pertaining to calls made by Plaintiff from the detention center where he was incarcerated. Defendants object that this request is unduly burdensome. The Court agrees with Defendants and refuses to compel production of any such records.

Request for Production No. 41 seeks information about the resignation or termination of other tool room employees in the period following April 2001. This request is not relevant as this matter is a failure-to-hire lawsuit. Defendants' objections are valid.

3

Requests for Production No. 45, 46, 48, and 49 seek information about prior claims and suits against Trico. Defendants object that these requests exceed the scope of the matter, are not relevant, lack reasonable particularity, and require the production of confidential information of non-parties. Theses type of requests are typical requests in employment discrimination cases. *See Beasley*, 2005 WL 1017818. However, courts often impose temporal and geographic restrictions on such requests in response to defendant objections. *Id.* Additionally, limiting the request to employment discrimination matters is appropriate as well. However, in Defendants' Response [Dkt. No. 117], Defendants indicate that no other employment discrimination lawsuits have been filed against Trico in Texas. Therefore, Defendants have complied with this request by informing Plaintiff that no such documents are available.

Request for Production No. 51 seeks information about the race of new hires after the time of Plaintiff's application. This information is adequately addressed by Request for Production No. 10. Therefore, Defendants need not produce any additional information in response to this request.

Request for Production No. 52 seeks information from the personnel file of Joe De La Cerda. Defendants object to the relevance, scope, and lack of reasonable particularity of the request. Additionally, Defendants object to the request of confidential information regarding a non-party. Plaintiff has failed to establish the relevance of such information. Therefore, no further response is required to Request for Production No. 52.

Requests for Production No. 55 and 58 seek information about parties who have been dismissed from this action. These requests are not relevant. Defendants' objections are valid.

Despite Plaintiff's objections, Defendants have complied with Federal Rule of Civil Procedure 34(b) by providing the records "as they are kept in the usual course of business."

4

## Interrogatories

Rule 33 of the Federal Rules of Civil Procedure govern interrogatories among the parties in a civil suit.

Plaintiff's First Interrogatory No. 5 requested information about individuals who applied for employment between January 2005 and the present.  Plaintiff's Second Interrogatory No. 18 request specific information about applicants between January 2001 and the present.  Further temporal and job description restrictions are necessary to ensure the relevance of this request.  Therefore, Defendants need not respond further to First Interrogatory No. 5 or Second Interrogatory No. 18.

Interrogatory No. 6 requests information about all advertisements for Defendants' job openings between January 2001 and the present.  Defendants object to the scope and relevance of the request.  According to Defendants' Response [Dkt. No. 117], Defendants have provided Plaintiff with the available information about the advertising of job openings.

Interrogatory No. 7 requests information about Defendants' reasons for not hiring Plaintiff following his application.  Defendant objects that the interrogatory is vague and ambiguous.  Defendants' Response indicates that this information has been communicated to Plaintiff.

Interrogatory No. 8 requests information about the resignation of another employee.  This information is not relevant because this case is a failure-to-hire case. Defendants' objections are valid.

Interrogatory No. 14 seeks information about the time clock in the tool room in Brownsville.  This information is not relevant because this case does not involve Plaintiff's tardiness or absence from work.  Defendants' objections are valid.

## Conclusion

The Court **GRANTS** Plaintiff's Motion to Compel **IN PART** [Dkt. No. 107] with regards to Requests for Production No. 10 and 31(A), as specified above, and **ORDERS** Defendants to comply by June 6, 2006.  The Court **DENIES** the remaining requests by Plaintiff.

Additionally, the Court **DENIES** Plaintiff's Motion to Continue and Extend All Deadlines in the Scheduling Order [Dkt. 120] for failure to show good cause and Plaintiff's Motion to Pay the Filing Fee for the Appeal in Installments [Dkt. No. 116] for the reasons stated in the Court's previous order denying Plaintiff's Application to Proceed *In Forma Pauperis*.

DONE at Brownsville, Texas, this ___31___ day of May, 2006.

Hilda G. Tagle
United States District Judge

6