IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROBERT THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-05-174 |
| | § | |
| TRICO PRODUCTS CORPORATION, | § | |
| JIM GAITHER, and JOHN WIN, | § | |
| | § | |
| Defendants. | § | |

## OPINION & ORDER

BE IT REMEMBERED that on March 22, 2007, the Court considered Defendants' Motion for Bill of Costs, Dkt. No. 140, and Plaintiff's Response and Objections to Defendant's [sic] Bill of Cost [sic] (Dkt. No. 139) and Motion for Bill of Costs (Dkt No. 140), Dkt. Nos. 141, 142.

I.  **Background**

Plaintiff filed a pro se suit against Defendants under 42 U.S.C. § 2000e(5) and 42 U.S.C. § 1981, alleging that Defendants engaged in employment discrimination after they failed to rehire him following his voluntary resignation. After considering Defendants' Motion for Summary Judgment, Dkt. No. 127, and Plaintiff's Response to Defendants' Motion for Summary Judgment, Dkt. No. 133, the Court granted Defendants' Motion for Summary Judgment, finding that Plaintiff had failed to present a genuine issue of material fact showing that Plaintiff's national origin or ethnicity was the basis for any allegations of unlawful discrimination against Defendants. Dkt. No. 136. Accordingly, the Court entered Final Judgment in favor of Defendants in this case, pursuant to Federal Rule of Civil Procedure 58. Dkt. No. 137. Thereafter, the Court denied Plaintiff's motion to reconsider the Court's summary judgment ruling. Dkt. No. 147. In the instant motion, Defendants ask the Court to award them costs pertaining to court reporter fees, witness fees, and

exemplification and copies of papers. Dkt. Nos. 130, 140, Ex. A at 1. Plaintiff filed objections to Defendants' motion. Dkt. Nos. 141, 142.

## II.  Standard for Awarding Costs

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." However, only particular costs that are enumerated by statute may be taxed against an unsuccessful party. 28 U.S.C. § 1920. Such taxable costs include fees for the court reporter for all or any part of the stenographic transcript that is necessarily obtained for use in the instant action, fees for witnesses, and fees for exemplification and copies of papers that were necessarily obtained for use in the instant action. *Id.* at § 1920(2)–(4). Defendants who prevail in civil rights actions may recover costs listed in 28 U.S.C. § 1920. Herold v. Hajoca Corp., 682 F.Supp. 297, 301 (W.D. Va. 1988). No chilling effect results from imposing costs against unsuccessful civil rights plaintiffs. Pion v. Liberty Dairy Co., 922 F.Supp. 48, 51 (W.D. Mich. 1996) (citing Goostree v. Tennessee, 796 F.2d 854, 864 (6th Cir. 1986) ("The prevailing party in a civil rights action . . . is in the same position as any other prevailing party with respect to costs available pursuant to 28 U.S.C. § 1920.")).

A party who seeks to recover costs has the burden of producing evidence properly documenting and establishing the costs incurred. Faculty Rights Coal. v. Shahrokhi, No. Civ.A. H-04-2127, 2005 WL 1924192, *1 (S.D. Tex. Aug. 10, 2005); Abundiz v. Explorer Pipeline Co., No. Civ. 300CV2029-H, Civ. 303CV0508-H, Civ. 303CV0787-H, 2004 WL 1161402, *1 (N.D. Tex. May 24, 2004) (citing Fogleman v. ARAMCO, 920 F.2d 278, 285–86 (5th Cir. 1991)). Additionally, the party must show that the costs were necessarily obtained for use in the instant matter, when such standard is applicable. *Abundiz*, 2004 WL 1161402 at *1 (citing *Fogleman*, 920 F.2d at 285–86). Courts differ on whether all-inclusive statements by counsel asserting that the costs incurred were actually necessary are sufficient to meet the standard of 28 U.S.C. § 1920. DP Solutions, Inc. v. Rollins, Inc., 353 F.3d 421, 434 (5th Cir. 2003). It is within the discretion of district courts to determine whether the costs requested should be awarded to the prevailing party, and a court may decline to award the costs included in § 1920. Migis v. Pearle Vision, Inc., 135 F.3d 1041,

1049 (5th Cir. 1998); Conoco, Inc. v. Energy & Envtl. Int'l, L.C., No. Civ.A. H-01-4242, 2006 WL 734396, *1 (S.D. Tex. Mar. 22, 2006); *Abundiz*, 2004 WL 1161402 at *1 (citing *Fogleman*, 920 F.2d at 285–86); see *DP Solutions, Inc.*, 353 F.3d at 434. A court may not tax costs that are not enumerated in § 1920. *Conoco, Inc.*, 2006 WL 734396 at *1.

### III. Analysis

In the present case, Plaintiff objects to being taxed any of the costs that Defendants request. Dkt. Nos. 141, 142 at 3. Plaintiff maintains that, as a civil rights plaintiff, he should not be taxed costs unless his suit was found to be meritless, frivolous, or otherwise unreasonable. Dkt. Nos. 141, 142, at 2. However, it appears that Plaintiff has confused the meaning of "fees" with the meaning of "costs." Plaintiff's cited authorities for his arguments discuss the propriety of taxing a prevailing defendant's attorney's fees upon an unsuccessful civil rights plaintiff. *Id.* at 1–3. In the present case, the prevailing Defendants are not requesting that they be awarded attorney's fees. *See* Dkt. No. 140. Instead, they are asking to be awarded specific costs they incurred as a result of the instant action. *Id.* Because Defendants are the prevailing party in this matter, they are entitled to recover costs included in 28 U.S.C. § 1920. FED R. CIV. P. 54(d)(1); *Pion*, 922 F.Supp. at 51; *Herold*, 682 F.Supp. at 301. Therefore, the Court concludes that Defendants are entitled to have their costs taxed against Plaintiff.

Plaintiff also objects to the costs requested, contending that they are unreasonable or not authorized by law. Having found that costs should be taxed against Plaintiff, the Court will address each of Defendants' requests for costs in order to determine the precise amount to be awarded to Defendants.

### A. *Court Reporter Fees*

Section 1920 provides for recovery of "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Under Fifth Circuit law, it is not necessary for a deposition transcript to be introduced into evidence or used at trial in order for it to be considered "necessarily obtained" for purposes of taxing costs. Stearns Airport Equip. Co., Inc. v. FMC Corp., 170

F.3d 518, 536 (5th Cir. 1999). Instead, so long as it is reasonable to expect that the deposition may be used in preparing the case for trial, it may be included as a taxable cost under § 1920. *Id.* Although § 1920 only specifically refers to fees for any part of the stenographic transcript of a deposition, the section has been interpreted to include costs associated with taking, transcribing, and reproducing depositions and their transcripts. *Piori*, 922 F.Supp. at 54; see Firth v. Don McGill of W. Houston, Ltd., No. Civ.A. H-04-0659, 2006 WL 846377, *8 (S.D. Tex. Mar. 28, 2006) (stating that the prevailing party may recover deposition costs).

In the present case, Defendants request that Plaintiff be taxed $ 1,732.34[1] as costs pertaining to Plaintiff's deposition. Dkt. No. 140, Ex. C. at 3–4. Plaintiff objects that the costs are unreasonably high and that they include costs for videotape recordings of his deposition. Dkt. No. 141, 142, at 4. Defendants provided an itemized invoice describing the components of the total court reporter cost. Dkt. No. 140, Ex. C at 3–4.

The Court finds that it is reasonable to expect that a Plaintiff's deposition may be used in preparation for trial. Tittle v. Raines, No. 3-99-CV-0478-L, 2002 U.S. Dist. LEXIS 21171, *6 (N.D. Tex. Oct. 31, 2002) (stating that it is reasonable for a defendant to depose a plaintiff in a lawsuit). Additionally, Defendants actually relied on Plaintiff's deposition transcript as evidence in support of their motion for summary judgment. Dkt. No. 127. Based on the foregoing and Defendants' itemization of the deposition costs, the Court finds that Defendants' stenographic deposition of Plaintiff and the transcript of same were necessarily obtained for use in the present case. *See Stearns Airport Equip. Co., Inc.*, 170 F.3d at 536; *Abundiz*, 2004 WL 1161402 at *2; *Pion*, 922 F.Supp. at 54. Accordingly, the Court grants Defendants' request that the costs of Plaintiff's stenographic deposition, in the amount of $ 1,101.39, be taxed against Plaintiff. Dkt. No. 140, Ex. C at 4.

---

[1] In their Bill of Costs, Defendants claim $ 2,067.32 as fees of the court reporter. Dkt. Nos. 139, 140, Ex. A. However, Defendants' receipts for court reporter fees only total $ 1,732.34 ($ 1,101.39 in stenographic deposition fees and $ 630.95 in videographer fees). Dkt. No. 140, Ex. C at 3–4. The Court finds no other itemized fees included in Defendants' exhibits that readily explain this discrepancy. Thus, the Court will not allow these costs to be recovered. *Pion*, 922 F.Supp. at 52–54.

However, costs associated with videotaping a deposition are not included in § 1920, and a court may not tax such costs against an unsuccessful party. 28 U.S.C. § 1920; *see Conoco, Inc.*, 2006 WL 734396 at *1. Therefore, the Court concludes that the costs Defendants incurred as a result of videotaping Plaintiff's deposition may not be taxed against Plaintiff. *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529–30 (5th Cir. 2001) (citing *Migis*, 135 F.3d at 1049); *Baker v. Washington Mut. Fin. Group, LLC*, Civil Action No. 1:04cv137WJG-JMR, 2007 WL 571103, *19 (S.D. Miss. Feb. 20, 2007). Accordingly, the Court denies Defendants' request to tax videotape deposition costs against Plaintiff. Dkt. No. 140, Ex. C at 3.

### B.   Fees for Witnesses

Witness fees may be taxed as costs against an unsuccessful party. 28 U.S.C. § 1920(3). The precise witness fees that may be awarded are identified in 28 U.S.C. § 1821. However, such costs must be set out with particularity in order for a court to tax them against the unsuccessful party. *Firth*, 2006 WL 846377 at *8 (citing *Davis v. Commercial Union Ins. Co.*, 892 F.2d 378, 385 (5th Cir. 1990)).

In the instant motion, Defendants request that $ 855.02 in witness fees be taxed against Plaintiff, and Plaintiff objects on the basis that Defendants have not properly identified the costs requested. Dkt. No. 140, Ex. A; Dkt. Nos. 141, 142, at 4–5.

The Court finds that Defendants did not itemize or describe the witness fees incurred with particularity. *See* Dkt. No. 140, Exs. A, C. The descriptions of witness fees incurred consist solely of the date the fee was incurred, the amount of the fee, and the phrases "Fees for witnesses" or "Trial/Subpoena/Witness fees." Dkt. No. 140, Ex. C. Defendants do not name the witnesses involved, the rate or purpose of the fees, or the proceeding to which the fees relate. The Court determines that Defendants have not claimed the witness fees incurred with sufficient particularity to tax such costs against Plaintiff. *See Firth*, 2006 WL 846377 at *8 (awarding witness fees to the prevailing party when "detailed receipts" were provided); *see also Abundiz*, 2004 WL 1161402 at *2–4 (recommending that witness fees be awarded to the prevailing party after considering detailed descriptions of the witnesses', their rates, hours worked, and the proceedings they

attended). Accordingly, the Court denies Defendants' request to tax these costs against Plaintiff. Dkt. No. 140, Ex. A.

C. *Fees for Exemplification and Copies of Papers*

Costs for exemplification and copies of papers may be taxed against an unsuccessful party if they were necessarily obtained for use in the instant action. 28 U.S.C. § 1920(4). The party requesting that such costs be awarded must present evidence establishing the necessity of the costs with particularity. *Firth*, 2006 WL 846377 at *9; *Abundiz*, 2004 WL 1161402 at *5 (citing Holmes v. Cessna Aircraft Co., 11 F.3d 63, 64 (5th Cir. 1994)). Although it is not necessary for "a prevailing party to identify every xerox copy made for use in the course of legal proceedings, [a court will] require some demonstration that reproduction costs necessarily result from that litigation." *Fogleman*, 920 F.2d at 286; Denner v. Tex. Dept of Criminal Justice, Civil Action No. SA-05-CA-184-XR, 2007 WL 294191, *7 (W.D. Tex. Jan. 29, 2007); *Firth*, 2006 WL 846377 at *9; *Abundiz*, 2004 WL 1161402 at *5.

In the present case, Defendants request that fees for exemplification and copies of papers in an amount of $ 3,460.17 be taxed against Plaintiff. Dkt. Nos. 139; 140, Ex. A. Plaintiff contends that the number of copies and the copy rate that Defendants claim as costs are unreasonable. Dkt. Nos. 141, 142, at 5–6.

As with their claimed costs for witness fees, Defendants do not describe the instant costs with particularity so as to provide a sufficient basis for this Court to determine that the costs were necessary. Instead, the descriptions of the costs include the date the fee was incurred, the amount of the fee, and the phrase "Fees for exemplification and copies of papers necessarily obtained for use in the case," "photocopying," or "Outside copying service." Dkt. No. 140, Ex. C. The itemization does not include any indication of the substance or purpose of the copies and exemplifications. Although Defendants submitted an affidavit of Defense counsel summarily stating that all costs claimed in the motion were necessarily incurred, the Court finds that the affidavit is not sufficient to prove the necessity of the costs claimed. Therefore, the Court finds that Defendants failed to establish that the exemplification and copies of papers claimed as costs were necessarily obtained for use

in the present litigation. *Denner*, 2007 WL 294191 at 7; *Pion*, 922 F.Supp. at 53; *see Fogleman*, 920 F.2d at 286 (stating that although the unsuccessful party "should be taxed for the cost of producing relevant documents and exhibits for use in the case, [the party] should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines.") Accordingly, the Court denies Defendants' request that costs for exemplification and copies of papers be taxed against Plaintiff. Dkt. No. 140, Ex. A.

## IV. Conclusion

Based on the foregoing, the Court **GRANTS IN PART and DENIES IN PART** Defendants' Motion for Bill of Costs. Dkt. No. 140. The Court **GRANTS** Defendants' motion as to Defendants' request to have Plaintiff's stenographic deposition costs taxed against Plaintiff. The Court **DENIES** Defendants' motion as to Defendants' request to have Plaintiff's videotape deposition costs, fees for witnesses, and fees for exemplification and copies of papers taxed against Plaintiff. Accordingly, the Court **ORDERS** the Clerk of the Court to tax costs against Plaintiff in the amount of $ 1,101.39, pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920.

DONE at Brownsville, Texas, this 22 day of March, 2007.

Hilda G. Tagle
United States District Judge